IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID GADSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-4757 |
| | § | |
| KEANE GROUP, INC., | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Judge:

COMES NOW Plaintiff David Gadson ("Plaintiff" or "Gadson"), and files his Original Complaint, complaining of Keane Group, Inc. ("Defendant" or "Keane") for violations of the Uniform Services Employment and Reemployment Rights Act ("USERRA").

## PARTIES

1. Plaintiff, David Gadson, is, and was at all times relevant to this Complaint, a resident of Pharr, Hidalgo County, Texas.

2. Defendant, Keane Group, Inc., is a foreign for-profit corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in Houston, Harris County, Texas. Defendant may be served by serving its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION & VENUE

3. This case is brought under the Uniform Services Employment and Reemployment Rights Act. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5. Gadson is an enlisted non-commissioned officer with the rank of E5 in the U.S. Army Reserve and is assigned to the 961st Quarter Master Company in McAllen, Texas and has been in the Army Reserve since April 2010.

6. Gadson is employed by Defendant as an Equipment Operator. Gadson commenced his employment with Defendant on or about August 8, 2016. Initially, Gadson was assigned to the Odessa location before being transferred to the Pleasanton Yard location.

7. As an enlisted member of the Army Reserve, Gadson is required to participate in monthly drill and training formations, summer drill and training and additionally scheduled drills, formations, training and meetings as determined by the needs of the Army in fulfilling its assigned missions.

8. In Gadson's position as an Equipment Operator, he reported directly to Rene Guerreo, Service Supervisor II, and Adrian Trevino, Field Supervisor. Both, Guerreo and Trevino, had authority to make hiring, firing, compensation, benefits, promotion, suspension, demotion, transfer, or reassignment decisions.

9. In June 2018, the Lead Equipment Operator position became available and Gadson expressed his desire to fill the vacancy. The Lead Equipment Operator position was a position that was more prestigious in title and rank, and – more importantly – provided for increased compensation, benefits, and employment responsibilities and duties than Gadson's

current position.  Following Gadson's inquiry into the position vacancy, Trevino stated that Gadson was qualified for the position but his absences attributed to his military service duties would prevent him from securing the position.

10. Ultimately, Defendant circumvented its own customary promotion policy and failed to promote Gadson.  Instead, on or about June 9, 2018, Jay Ibarra was selected as the Lead Equipment Operator over Gadson.

11. Shortly after Gadson's non-selection, Guerreo and Trevino, both, communicated to Gadson that the reason for his non-selection was because of his past and perceived future absences associated to his service in the Army Reserves.

12. None of this mistreatment makes sense given Gadson's sacrifices for, both, the United States and Defendant but, then again, discrimination is by its very nature irrational.  If Trevino and Guerreo could see beyond Gadson's military commitments, they would have treated Gadson with respect rather than disdain.  But, as it stands now, they have failed to promote a more than qualified individual to a leadership position because they feared he would be absent at times while he served his Country.

## CAUSE OF ACTION

*Violation of Uniform Services Employment and Reemployment Rights Act*

13. The Uniform Services Employment and Reemployment Rights Act, 38 USCS § 4301, *et seq.*, provides, in relevant part that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 USCS § 4311.

14.     Defendant's failure to promote Gadson to Senior Equipment Operator was in violation of the USERRA because of Gadson's military commitments.

## ATTORNEY'S FEES

15.     Defendant's action and conduct as described herein and the resulting damages and loss to Plaintiff has necessitated Plaintiff retaining the services of the Law Office of Chukwudi Egbuonu, 4141 Southwest Freeway, Suite 425, Houston, Texas 77027, in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## DEMAND FOR JURY TRIAL

16.     Plaintiff hereby requests a jury trial for all claims.

## PRAYER FOR RELIEF

17.     WHEREFORE, Plaintiff David Gadson, prays that this Court enter judgment in his favor and requests the following relief against Defendant Keane Group:

A.      Reinstatement to the position of Senior Equipment Operator, or to a substantially equivalent position;

B.      Compensation for all back pay and any other compensation and benefits that he lost as a result of the non-selection;

C.      Reasonable attorneys' fees and costs; and

D.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for David Gadson

5